ANN S. FRENCH vs. JOHN L. CROSBY and others.

*Dower.*

Where a wife joins in a deed with her husband for the purpose of releasing dower, she will not be barred thereby in a suit for dower, by her, against a third person who holds the lands by an attachment against the husband prior to said deed and a levy made afterwards, the tenant having no estate or claim under such deed.

ON REPORT.

DOWER for certain land on Exchange Street, Bangor.  Demand was made November 21, 1872, and the writ dated December 22, 1872.  It was admitted that demandant was married to George S. French in 1832 and that he died in 1849; that Zadoc French was seized of the premises, in which dower was demanded, at the time of his death in 1830, and that Ebenezer, Frederick F., and George S. French were his only heirs.

, The demandant introduced a levy in favor of James Crosby·

against George S. French, made July 3, 1838, upon one-seventh of one-third of the premises in which Mrs. French claimed dower. The attachment was made September 27, 1836. Also, a levy in favor of E. H. Sleeper against the same, dated February 3, 1842, the attachment having been made September 20, 1836, upon one-fifth of one-third, and a deed from Sleeper to Crosby, thus giving James Crosby title to four thirty-fifths of the whole lot. There was a partition by which the premises in which dower is demanded were set off in severalty to said Crosby, who died leaving the tenants his heirs at law.

The tenants introduced a deed from George S. French to Eben French of his one-third of the premises, dated September 28, 1836, in which the plaintiff released her dower; also, a deed from Frederick F. to Eben French, dated May 24, 1836, whereby Eben became possessed of the whole estate subject to the attachments mentioned above. The tenants also introduced eight levies, made on executions against Eben French, the attachments upon which were made after the deed of George S. French to him, covering his whole title in the estate.

The tenants requested the presiding justice to rule that the demandant, having released her dower as aforesaid, could not maintain this suit. This ruling was refused and the court, on the contrary, instructed that, inasmuch as tenants did not claim under the deed from George S. French, demandant's release of dower did not affect her right to recover in this action.

The tenants submitted to a default which was to be stricken off and a nonsuit entered if the rulings were erroneous. An agreement was also made as to the assessment of damages in case the default should stand.

*John F. Godfrey*, for demandant.

*A. W. Paine*, for tenants.

BARROWS, J. The plaintiff sues for her dower in premises which the defendants hold under levies made upon executions

against her late husband.   At that time he was seized as tenant in common ; but partition was afterwards made at the instance of the levying creditor.   These levies do not preclude her recovery.   R. S., c. 103, § 6.   All the matters necessary to establish her right are admitted or proved, and she is confessedly entitled to judgment for her dower and damages for the detention of it, unless she is barred by reason of having released dower in a deed including the premises from her husband to a third party, given subsequently to the attachments in the suits wherein the levies were made under which the defendants claim.   The title of the grantee in that deed never came to these defendants, yet they claim that it shall inure to their protection by way of estoppel, and requested the presiding judge to rule that by reason of that release she could not maintain her suit against them.

He ruled, on the contrary, that inasmuch as the defendants do not claim under that deed, her release of dower therein does not affect her right to recover here.   The ruling was correct.   *Pixley v. Bennett*, 11 Mass. 298 ; *Smith v. Eustis*, 7 Maine, 41 ; *Littlefield v. Crocker*, 30 Maine, 192 ; *Harriman v. Gray*, 49 Maine, 537.                    *Judgment for plaintiff in conformity with the stipulations in the report.*

APPLETON, C. J. ; CUTTING, WALTON, DICKERSON, and PETERS, JJ., concurred.